

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
DIVISION

Case No: 00-6030

UNITED STATES OF AMERICA

    Plaintiff

vs.

FLOYD ABDOUL
A/K/A FLOYD ABDOOL

    Defendant
_____/

## COMPLAINT

The United States of America, acting herein by THOMAS E. SCOTT, United States Attorney for the Southern District of Florida, alleges as follows:

1. This action is brought by the United States of America, with jurisdiction provided by 28 U.S.C. § 1345.

2. The defendant is a resident of the Southern District of Florida.

### Claim I

3. The defendant is indebted to the plaintiff in the principal amount of $2089.38, plus interest on this principal amount computed at the rate of 7.00 percent per annum in the amount of $2153.10, plus interest thereafter on this principal from January 5, 2000 until the date of judgment, plus administrative fees, costs, and penalties in the amount of $.00. See Exhibit A attached hereto and incorporated herein.

### Claim II

4. The defendant is indebted to the plaintiff in the principal amount of $2030.99, plus interest on this principal amount computed at the rate of 7.00 percent per annum in the amount

of $1934.98, plus interest thereafter on this principal from January 5, 2000 until the date of judgment, plus administrative fees, costs, and penalties in the amount of $.00. See Exhibit B attached hereto and incorporated herein.

5. Demand has been made upon the defendant by plaintiff for the sum due, but the amount due remains unpaid.

WHEREFORE, plaintiff prays judgment against the defendant for the total of $8208.45, plus interest at 7.00 percent per annum on the principal amount of $4120.37, from January 5, 2000 to the date of judgment, plus costs. Plaintiff further demands, pursuant to 28 U.S.C. § 1961, that interest on the judgment be at the legal rate until paid in full.

Notice is hereby given to the defendant that the plaintiff intends to seek satisfaction of any judgment rendered in its favor in this action from any debt accruing.

Dated at Miami, Florida on this ___6___ day of ___JANUARY___, 2000.

Respectfully submitted,

Thomas E. Scott
United States Attorney

By: _____
Mary F. Dooley
99 Ne 4th Street
3rd Floor
Miami, FL 33132-2111
Tel No. 3059619311
Fax No. 3055307195

U.S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS

Floyd Abdoul
AKA: Floyd Abdool
9950 SW 9th Ct
Pembroke Pines, FL 33025

SSN: 556 13 3343

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 11/30/98.

On or about 12/20/75, the borrower executed promissory notes(s) to secure loan(s) of $2,000.00 from New England Merchants National Bank - Boston, MA at 7 percent interest per annum. This loan obligation was guaranteed by American Student Assistance and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 CFR Part 682). The holder demanded payment according to the terms of the note(s), and credited $0.00 to the outstanding principal owed on the loan(s). The borrower defaulted on the obligation on 02/25/83, and the holder filed a claim on the guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $2,178.76 to the holder. The Department then reimbursed the guarantor for that claim payment under its reinsurance agreement. The guarantor attempted to collect the debt from the borrower. The guarantor was unable to collect the full amount due, and on 03/25/93, assigned its right and title to the loan(s) to the Department.

Since assignment of the loan, the Department has received a total of $0.00 in payments from all sources, including Treasury Department offsets, if any. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $2,089.38 |
| Interest: | $1,992.88 |
| Administrative/Collection Costs: | $0.00 |
| Late Fees: | $0.00 |
| Total debt as of 11/30/98 | $4,082.26 |

Interest accrues on the principal shown here at the rate of $0.40 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 12/18/98    Name: [signature]
                         Title: Loan Analyst
                         Branch: Litigation Branch

GOVERNMENT EXHIBIT A

MASSACHUSETTS HIGHER EDUCATION ASSISTANCE CORPORATION
HIGHER EDUCATION LOAN PLAN

*Original Note*

$ __2000.00__

__Boston__, Mass. __December 20__ 19 __75__
City or Town

For Value Received the undersigned promises to pay to __New England Merchants National Bank__ or order, at the office of said Lender
Name of Lender

at __100 Franklin Street__
Address of Lender

the sum of __two thousand & 00/100__ Dollars on __February 25__, 19 __79__, said sum
Date of Payment

representing a loan of __two thousand & 00/100__ Dollars made under the Higher Education Loan Plan of Massachusetts Higher Education Assistance Corporation, with interest at the rate of __7__ % per annum being not in excess of 7% interest on the outstanding balance of the loan, exclusive of insurance premium for the term of this note, and subject to the conditions and benefits under the Higher Education Act of 1965 as amended from time to time.

    This note shall, at the option of the holder, become due and payable without notice or demand upon the occurence of any of the following events: (a) death, insolvency, assignment for the benefit of creditors of, or the filing of a petition in bankruptcy by or against the maker; (b) not later than (9) nine months after the maker ceases to be a qualified student enrolled at an eligible educational institution approved by Massachusetts Higher Education Assistance Corporation unless maker enters into a mutually satisfactory repayment agreement; (c) the maker defaults in the repayment of any loan guaranteed by Massachusetts Higher Education Assistance Corporation, and the default remains uncollected after reasonable notice to the maker; (d) failure of performance by the maker of any promise or undertaking or breach of any warranty set forth below:

    (a) The maker warrants that all the information furnished by him in his application for said loan is true as of the date hereof in every material respect.

    (b) The maker promises to use the proceeds of said loan solely to pay the expenses of attending said educational institution in which the maker is enrolled on the date hereof.

    (c) The maker agrees to keep lender informed of any changes in his address or status in school.

    After default if the holder shall refer the claim on this note to an attorney for collection, there shall be immediately due from the undersigned in addition to the other sums due hereunder, all costs and expenses of such action, and an attorney's fee of ten per cent of the other sums due hereunder and unpaid by the undersigned, and the holder may take judgment for all such additional amounts.

    The maker reserves the right at any time and from time to time to prepay all and any part of the principal hereof, and in the event of such prepayment, the holder shall rebate the unearned interest on this note in accordance with customary practice of commercial banks in Massachusetts, provided that the holder may deduct from such rebate any sums which shall have been paid to Massachusetts Higher Education Assistance Corporation for its guarantee of this note.

    The liability of the maker hereunder shall be absolute and unconditional without regard to the liability of any other party. The maker of this note, or the obligation represented hereby, waives presentment, demand, notice, protest, and all other demands and notices in connection with the delivery, acceptance, performance, default or enforcement of this note, assents to any extension or postponement of the time of payment or any other indulgence, to any substitution, exchange or release of collateral, and/or to the addition or release of any other party or person liable hereon, including the maker. The holder shall not by any act, delay, omission or otherwise be deemed to have waived any of its rights and/or remedies hereunder unless such waiver be in writing and signed by the holder, and then only to the extent therein set forth. A waiver on any one occasion shall not be construed as a bar to or waiver of any such right and/or remedy on any future occasion.

DO NOT MAKE ANY CHANGES OR ERASURES ON THIS NOTE

Signatures: (Write name in full. Use ink. Do not print.)

(1) Maker's signature

__*Floyd Abdool*__   __16 Brown Ave, Burlington Mass__
                                                         Home Address   (0180)

(2) Other party having knowledge of and concurring in this arrangement. (Parent or spouse of maker)

__*Maureen K. Miranda*__   __16 Brown Ave, Burlington Mass__
                                                         Home Address   (0180)

FORM 402 9/75

H E L P Guranteed Student Loan

This loan, being made for the payment of costs of (collegiate) higher education or vocational education, is made pursuant to the provisions of the Higher Education Act of 1965 as amended from time to time. Accordingly, it is understood and represented by the borrower, lender or guarantor, as appropriate, that a qualified student in good standing in an eligible educational institution, or accepted for admission to such an institution, is in principle, upon satisfaction of reasonable requirements by the borrower, lender and guarantor, and upon reasonable showing of need and intention and ability to repay the principal and interest:

(1) eligible for a guaranteed loan for purposes of higher education, to be made personally to the student, for any academic year from the first or freshman year for a total of six academic years or a total not to exceed $7500, for undergraduate education and $10,000 for combined undergraduate and graduate education,

(2) subject to agreement between borrower and lender in the light of availability of other forms of assistance, the lender is in principle willing to lend borrower up to $2500 per academic year for purposes of higher or vocational education during any of the six years, but not in excess of the totals given under (1) above,

(3) the borrower is carrying or will carry at least one half of the normal full-time work load as determined by the educational institution and has provided the lender with a statement of the institution which sets forth its estimate of the cost of education and its recommendation as to a loan for such student,

(4) this loan is made without security and without endorsement, except that if the borrower is a minor and this note under applicable law would not create a binding obligation, endorsement may be required. This restriction on endorsement does not prevent a requirement that a parent, wife or other sponsor or relative of a student indicate knowledge of and concurrence in this borrowing by the student,

(5) this loan shall be repayable in installments over a period as negotiated not less than five years nor more than ten years, except that repayments shall be not less than a minimum $360 per year which may be required to begin no earlier than nine months nor later than one year after the student ceases to pursue not less than than one half the normal course of study at an eligible institution, as determined by the institution. Borrower shall be permitted to accelerate repayment without penalty of the whole or any part of this loan,

(6) the period of this loan may not exceed fifteen (15) years from the date of its execution except that the original term may be extended for up to three (3) years of active service in the U.S. Armed Forces, service as a Peace Corps volunteer, service as full-time VISTA volunteer or return to school on a full-time basis and that any such periods of authorized deferment allowed by Massachusetts Higher Education Assistance Corporation would not be counted in figuring the maximum fifteen (15) year term of the note nor the maximum ten (10) year repayment period, but not to exceed an eighteen (18) year period. During service as provided or return to school as specified, repayment of principal shall be deferred, but payment of interest will be made by the government in the event of service in the Armed Forces, Peace Corps or VISTA, and will be resumed by the government on return to school if the loan had previously qualified for interest benefits. In all cases, however, the borrower must pay in advance any insurance fee required to guarantee the loan for any extended period beyond its previously guaranteed duration.

(7) interest payable on this loan may not exceed seven percent (7%) per year on the unpaid principal balance of the loan exclusive of any premium for loan insurance,

(8) in the event of maker's death or total and permanent disability, for loans disbursed on or after December 15, 1968, the unpaid principal indebtness of the maker will be cancelled and repayment made to the lender by the guarantor.

In executing this note the borrower assures the lender and the guarantor that this loan is made for educational purposes at an eligible educational institution as indicated above and will not be used to repay any other loan or for any other purpose.

U.S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS

Floyd Abdoul
AKA: Floyd Abdool
9950 SW 9th Ct
Pembroke Pines, FL 33025

SSN: 556 13 3343

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 11/30/98.

On or about 10/04/79, the borrower executed promissory notes(s) to secure loan(s) of $2,000.00 from Peoples Savings Bank - Worcester, MA at 7 percent interest per annum. This loan obligation was guaranteed by American Student Assistance and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 CFR Part 682). The holder demanded payment according to the terms of the note(s), and credited $0.00 to the outstanding principal owed on the loan(s). The borrower defaulted on the obligation on 09/30/84, and the holder filed a claim on the guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $2,061.98 to the holder. The Department then reimbursed the guarantor for that claim payment under its reinsurance agreement. The guarantor attempted to collect the debt from the borrower. The guarantor was unable to collect the full amount due, and on 03/25/93, assigned its right and title to the loan(s) to the Department.

Since assignment of the loan, the Department has received a total of $.000 in payments from all sources, including Treasury Department offsets, if any. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $2,030.99 |
| Interest: | $1,992.88 |
| Administrative/Collection Costs: | $0.00 |
| Late Fees: | $0.00 |
| Total debt as of 11/30/98 | $3,810.56 |

Interest accrues on the principal shown here at the rate of $0.39 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 12/18/98          Name: Nancy Kay
                               Title: Loan Analyst
                               Branch: Litigation Branch

GOVERNMENT EXHIBIT B

761203636-01

**MASSACHUSETTS HIGHER EDUCATION ASSISTANCE CORPORATION**
**HIGHER EDUCATION LOAN** 

Original Note
(1% Guarantee Fee)

(principal) $2,000.00

WORCESTER, MASSACHUSETTS    10/04/79

For Value Received the undersigned Borrower FLOYD XXXXXXX ABDOOL FA
promises to pay to                 PEOPLES SAVINGS BANK
or order, at the office of said Lender at   STUDENT LOANS
                                   120 FRONT ST.
                                   WORCESTER                MA 01608

the sum of (principal only) $2,000.00 Dollars with interest at the rate of 7.00% per annum, being not in excess of 7% interest on the outstanding balance of the loan, in addition to a Guaranty Fee of one percent (1%) per annum for the term of this note,
payable on 02/01/83, said sum representing a loan made under the Higher Education Loan Plan of Massachusetts Higher Education Assistance Corporation and subject to the conditions and benefits under the Higher Education Act of 1965 as amended from time to time.

This note shall, at the option of the holder, become due and payable without notice or demand upon the occurrence of any of the following events: (a) insolvency, assignment for the benefit of creditors of, or the filing of a petition in bankruptcy by or against the maker; (b) not later than (9) months after the maker ceases to be a qualified student enrolled at an eligible educational institution approved by Massachusetts Higher Education Assistance Corporation unless maker enters into a mutually satisfactory repayment agreement; (c) the maker defaults in the repayment of any loan guaranteed by Massachusetts Higher Education Assistance Corporation, and the default remains uncollected after reasonable notice to the maker; (d) failure of performance by the maker of any promise, undertaking or breach of any warranty set forth below.

(1) The maker warrants that all the information furnished by him in his application for said loan is true and accurate as of the date hereof in every material respect.
(2) The maker promises to use the proceeds of said loan solely to pay the expenses at the educational institution in which the maker is enrolled on the date hereof.
(3) The maker agrees to keep lender informed of any changes in his address.

After default if the holder shall refer the claim on this note to an agency for collection, all amounts immediately due from the undersigned in addition to the other sums due hereunder, all costs and expenses of such collection including a fee of ten per cent of the other sums due hereunder and unpaid by the undersigned, and the holder may take judgment for such additional amounts.

The maker reserves the right at any time and from time to time to prepay all or any part of the principal hereof, and in the event of such prepayment, the holder shall rebate the unearned interest on this note in accordance with customary practice of commercial banks in Massachusetts, provided that the holder may deduct from such rebate any sums which shall have been paid to Massachusetts Higher Education Assistance Corporation for its guarantee of this note.

The liability of the maker hereunder shall be absolute and unconditional without regard to the liability of any other party. The maker of this note, or the obligation represented hereby, waives presentment, demand, notice, protest, and all other demands and notices in connection with the delivery, acceptance, performance, default or enforcement of this note, assents to any extension or postponement of the time of payment or any other indulgence to any substitution, exchange or release of any collateral, and/or to the addition or release of any other party or person liable hereon, including the maker. The holder shall not by any act, delay, omission or otherwise be deemed to have waived any of its rights and/or remedies hereunder unless such waiver be in writing and signed by the holder, and then only to the extent therein set forth. A waiver on any one occasion shall not be construed as a bar to or waiver of any such right and/or remedy on any future occasion.

*[Stamp: AT TIME OF IMAGING BEST COPY AVAILABLE]*

### TRUTH IN LENDING DISCLOSURE

In order to comply with the requirements of the Truth in Lending Law this disclosure must be fully completed by Lender and Borrower.
This is a single payment note due 02/01/83 unless the borrower elects to repay by installments over a term to be negotiated.

1. Name of Lender  PEOPLES SAVINGS BANK          2. Lender's Trans. No. 822846
3. Name of Borrower FLOYD XXXXXXX ABDOOL FA         ___-__-3343
4. Amount of Loan   $2,000.00                       10/04/79
6. Interest Rate on Loan  7.00%                   7. Guarantee Fee 1.00%
8. Date on which interest and guarantee fee begin to apply 10/04/79
9. **AMOUNT FINANCED** (amount of loan less guarantee fee)  $1,933.37
10. **PREPAID FINANCE CHARGE** (guarantee fee)   $66.63
11. **INTEREST** - for in-school, grace period prior to repayment of principal, or periods of authorized extensions
    Payable by    X (a) government    (b) borrower    $466.41
12. **FINANCE CHARGE** - Total of Prepaid Finance Charge and Interest  $66.63
    (if interest is not paid by government)
13. **ANNUAL PERCENTAGE RATE** (a) prior to beginning repayment** 1.00%
                              (b) during repayment**  7.00%
14. Delinquency and Default Charges.
    A late charge of 5 percent of the monthly payment or $5.—, whichever is less, may be charged on any payment made later than 10 days from the due date. Reasonable attorney's fees, and other costs and charges necessary for the collection of any amount not paid when due, may also be charged. Any obligation of the United States Commissioner of Education to pay interest shall terminate upon default by the borrower (as defined by Regulations of the United States Commissioner of Education.)
15. Prepayment:
    The maker may, at his option, and without penalty, prepay all or any part of the principal plus the accrued interest at any time. In the event of any such prepayment the maker shall be entitled to a rebate of unearned interest computed by:

                    __X__ The Sum of the Digits Formula (Rule of 78's)
    (Check One)
                    _____ Other (Identify)

If the period of the loan is reduced by more than two years through prepayment, MHEAC will refund a pro-rata share of the guarantee fee.

_October 9, 1979_                          _[signature] J. Crossin_
Date                                       Signature of Lender

The Maker acknowledges receipt of an exact copy of this note and disclosure.
Signatures. (Write name in full. Use ink. Do not print.)

(1) Maker's signature _[signature]_           1 WEST ST APT #7  WORC MA 01
                                              Home Address

(2) Co-maker _____
                                              Home Address

(3) Other party having knowledge of and concurring in this arrangement (Parent, spouse or other)
    _____
                                              Home Address

ABDOOL, FLOYD,
CLAIM NO 1993050152589  03-25-93
SSN 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  TU  1

*[right column fine print:]* the Higher Education Act of 1965, as amended, for purposes of administering this loan whether paid or accrued, prior to the repayment period. If interest is paid for the period should include only the guarantee fee if the loan is not eligible for Federal interest. Because under Truth in Lending regulations the Annual Percentage Rate compares a Loan (item 4), if the loan has the benefit of interest subsidy item 11(a) is obtained by then multiplying this number by a fraction of the denominator of which is the number denominator is 365 (the number of days in a year) to get the annual rate provided by MHEAC for loans made after January 1, 1976, or for loans made before that monthly payment plans provided by the Federal Reserve System in Truth in Lending ...assumes a 5 year repayment schedule. If a different repayment term is agreed upon a revised APR should be substituted.

ORIGINAL COPY  NA186508              Form 402-1500 Rev 12/78

BEST COPY AVAILABLE
AT TIME OF IMAGING

The assignment of this note to SLMA affixed in contemplation of a Loan Sale Agreement dated 6-13-83, did not become effective thereunder, and no rights in this note have been conveyed thereby.
MHEAC, as authorized agent of SLMA.

by _Joseph O'____
Edward R. Tufts
Vice President, Servicing Division
Date 10/24/83

The undersigned hereby assigns all rights, title and interest without warranty to the Massachusetts Higher Educational Assistance Corporation Education Loan Services, Inc. as authorized agent
of _People's Savings_
By: _____

assignment of this note to SLMA affixed in contemplation of a Loan Agreement dated 7-23-82 did not become effective thereunder, and no rights in this note have been conveyed thereby.
MHEAC, as authorized agent of SLMA

by _Edward R. Tufts (BK)_
Edward R. Tufts
Vice President, Servicing Division
Date 9-20-82

All right, title and interest of the undersigned is hereby assigned to the Student Loan Marketing Association (SLMA) without recourse except as provided in paragraph 9 of the Loan Sale Agreement between SLMA and People's Savings Bank dated May 12, 1981 + Addendum dated July 23,
PEOPLES SAVINGS BANK
By _____

All right, title and interest of the undersigned is hereby assigned to the Student Loan Marketing Association (SLMA) without recourse except as provided in paragraph 9 of the Loan Sale Agreement between SLMA and People's Savings Bank dated
PEOPLES SAVINGS BANK
By _____

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I.(a) PLAINTIFFS**

UNITED STATES of AMERICA

**DEFENDANTS**

FLOYD ABDOUL
A/K/A FLOYD ABDOOL

00-6030

CLARENCE MADDOX
CLERK, USDC/SDFL/MIA

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: BROWARD
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

B: Broward 0: 00cv6030 WPD / LRJ

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
THOMAS E. SCOTT, U.S. ATTORNEY (305)961-9377
99 NE 4TH ST., SUITE 300, MIAMI, FL 33132-2111

ATTORNEYS (IF KNOWN)

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: DADE  MONROE  (BROWARD)  PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

[X] 1 U.S. Government Plaintiff
[ ] 2 U.S. Government Defendant
[ ] 3 Federal Question (U.S. Government Not a Party)
[ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

[X] Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from another district (specify)
[ ] 6 Multidistrict Litigation
[ ] 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | B[ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | B[ ] 620 Other Food & Drug | | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | B[ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 423 Withdrawal 28 USC 157 | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | B[ ] 630 Liquor Laws | | B[ ] 450 Commerce/ICC Rates/etc |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers Liability | B[ ] 640 R.R. & Truck | **A PROPERTY RIGHTS** | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | B[ ] 650 Airline Regs | [ ] 820 Copyrights | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [X] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | B[ ] 660 Occupational Safety/Health | [ ] 830 Patent | [ ] 810 Selective Service |
| B[ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | B[ ] 690 Other | [ ] 840 Trademark | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 160 Stockholders Suits | [ ] 355 Motor Vehicle Product Liability | | | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | **A LABOR** | **B SOCIAL SECURITY** | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 892 Economic Stabilization Act |
| | **PERSONAL INJURY** | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 893 Environmental Matters |
| | [ ] 362 Personal Injury – Med Malpractice | | [ ] 863 DIWC/DIWW (405(g)) | [ ] 894 Energy Allocation Act |
| | [ ] 365 Personal Injury – Product Liability | | [ ] 864 SSID Title XVI | [ ] 895 Freedom of Information Act |
| **A REAL PROPERTY** | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 865 RSI (405(g)) | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 210 Land Condemnation | **PERSONAL PROPERTY** | [ ] 740 Railway Labor Act | **FEDERAL TAX SUITS** | [ ] 950 Constitutionality of State Statutes |
| B[ ] 220 Foreclosure | [ ] 370 Other Fraud | | | [ ] 890 Other Statutory Actions A OR B |
| [ ] 230 Rent Lease & Ejectment | [ ] 371 Truth in Lending | [ ] 790 Other Labor Litigation | A[ ] 870 Taxes (U.S. Plaintiff or Defendant) | |
| [ ] 240 Torts to Land | [ ] 380 Other Personal Property Damage | | A[ ] 871 IRS – Third Party 26 USC 7609 | |
| [ ] 245 Tort Product Liability | [ ] 385 Property Damage Product Liability | [ ] 791 Empl. Ret. Inc. Security Act | | |
| [ ] 290 All Other Real Property | **A CIVIL RIGHTS** | | | |
| | [ ] 441 Voting | **PRISONER PETITIONS** | | |
| | [ ] 442 Employment | B[ ] 510 Motions to Vacate Sentence | | |
| | [ ] 443 Housing/ Accommodations | **HABEAS CORPUS:** | | |
| | [ ] 444 Welfare | B[ ] 530 General | | |
| | [ ] 440 Other Civil Rights | A[ ] 535 Death Penalty | | |
| | | B[ ] 540 Mandamus & Other | | |
| | | B[ ] 550 Civil Rights | | |
| | | B[ ] 555 Prison Condition | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

RECOVERY OF FUNDS EXPENDED BY PLAINTIFF AS GUARANTOR OF A DEFAULTED FEDERALLY INSURED STUDENT LOAN 34CFR 682.100(4)(d)

LENGTH OF TRIAL
via _1_ days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:**
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $8208.45 + interest & costs
CHECK YES only if demanded in complaint
JURY DEMAND: [ ] YES [X] NO

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 1/6/00

SIGNATURE OF ATTORNEY OF RECORD

MARY F. DOOLEY, AUSA

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG JUDGE _____